*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLSTATE INSURANCE COMPANY,

       Plaintiff-Appellee,

v

DOMINIQUE JAMIA JOHNSON,

       Defendant-Appellant.

UNPUBLISHED
May 25, 2023

No. 360079
Wayne Circuit Court
LC No. 20-009080-NF

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*)

I respectfully dissent.

Melvin Jackson testified that, on the day of the accident, he went out to dinner with his wife (Joi Jackson), his son (Eric Jackson), and his son's girlfriend (defendant). According to Melvin, after dinner, Eric "said that [Melvin] could take the car" that belonged to defendant. Melvin never received permission from defendant to use the car. Melvin nevertheless took the car, then got into an accident.

The majority reasons that, under these facts, MCL 500.3113(a) may preclude Melvin from receiving no-fault benefits. That subsection provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully. [MCL 500.3113.]

This subsection has two requirements: (1) the person willingly operated or used a motor vehicle that was taken unlawfully and (2) the person knew or should have known that the motor vehicle was taken unlawfully. As used in the statute, "taken unlawfully" means to "take[] a vehicle without

-1-

the authority of the owner, regardless of whether that person intended to steal it." *Spectrum Health Hosps v Farm Bureau Mut Ins Co*, 492 Mich 503, 518; 821 NW2d 117 (2012).

Here, Melvin neither knew nor should he have known that he had taken defendant's vehicle without her authorization. After Melvin went to dinner with Eric and defendant, Eric gave Melvin permission to use defendant's car. While defendant did not expressly give Melvin permission to use the car, Melvin subjectively believed that he was taking the car lawfully, as demonstrated by his deposition testimony:

> *Q*. So [defendant] herself did not actually tell you you could take the car?
>
> *A*. My son, her man, that's her man, told me we could take the car.
>
> *Q*. Did he own the car?
>
> *A*. I don't know what they—how they situation is.

Nothing in the record suggests that Melvin should have known that his subjective belief was mistaken. Again, Eric gave Melvin permission to use defendant's car after Melvin, Eric, and defendant all had dinner together. Defendant did not object or voice any concerns to Melvin about his use of her car. The bare fact that defendant's boyfriend, rather than defendant, told Melvin that he could use defendant's car after all three had dinner together would not alert a reasonable person to the possibility that defendant did not authorize Melvin's use of the car. To the contrary, a reasonable person in Melvin's position would believe that defendant had no issue with Melvin's use of the vehicle. There is simply nothing in the record to support concluding that Melvin should have known that he was using defendant's motor vehicle without her authorization.

Accordingly, on this record, I would conclude that defendant has presented insufficient evidence to create a question of fact about whether Melvin knew or should have known that he was using defendant's car without her authorization. It follows that MCL 500.3113(a) does not apply, and any amendment to defendant's pleadings would be futile. For these reasons, I respectfully dissent.

/s/ Colleen A. O'Brien

-2-